UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. WERLINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09-cv-0886-TWP-MJD |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ENTRY ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND RELATED MOTION IN LIMINE

This matter is before the Court on Defendant's, CSX Transportation, Inc. ("CSX"), Motion for Partial Summary Judgment and related Motion *in Limine*. Specifically, CSX has moved for summary judgment against Plaintiff Christopher Werline ("Werline") on his claim for negligent infliction of emotional distress, arising out of CSX's alleged mistreatment of Werline following his injury. CSX's Motion *in Limine* covers the same terrain, seeking to bar testimony, argument, or inference regarding Werline's alleged mistreatment. Given the intertwining issues at play, both motions will be resolved through this entry. For the reasons set forth below, the Court **DENIES** CSX's Motion for Partial Summary Judgment [Dkt. 31] and the related Motion *in Limine* [Dkt. 32].

### I. BACKGROUND

Werline was employed by CSX, a railroad corporation, as a carman. On or around October 26, 2007, Werline suffered injuries to his back when he was hit by a locomotive engine while working. Werline reported his injuries to his immediate supervisor Roger Pursley, who subsequently drove Werline to the emergency room. During the drive, Werline spoke to

numerous CSX supervisors. Their collective response was, to put it charitably, less than sympathetic. Dennis Wall responded to Werline's version of events with incredulity, stating, "Huh. I don't understand that. That don't make no sense to me . . .You heard the bell, but yet you got hit by the engine." Werline also spoke to Tommy Norris, who was allegedly more concerned with optics than injuries. Norris told Werline, "We've had two injuries in two weeks and this really makes us look bad." Regarding his emergency room care, Norris allegedly stated, "Well they may offer you some medication or something" but "If you don't take that, it'll really help us out." Werline responded that he was worried about his back to which Norris replied, "Well, whatever you can do to help us out." To top it off, Doug Ferguson later told Werline that he had to return to work the next day so that his injury would not be reportable. Presumably out of fear of being fired, Werline complied, but his actual duties were filled by other employees.

Following his accident, Werline sought treatment from Dr. Alina Clavijo-Passik, who diagnosed Werline with post-traumatic stress disorder ("PTSD"), based on his repeated nightmares involving bosses trying to kill him and unrelenting thoughts about the incident. In making her diagnosis, Dr. Clavijo-Passik recorded that Werline "experienced, witnessed or was confronted with an event or events that involved actual or threatened death or serious injury or a threat to the physical integrity of self or others." Dr. Clavijo-Passik noted that part of Werline's trauma involved not being provided with immediate care, causing feelings of helplessness. On this point, she testified that Werline "did not feel that the trauma ended until he was finally getting medical attention" because, until then, his "physical integrity" was vulnerable and threatened. When asked point-blank whether Werline's trauma stems from *both* the initial event of being physically struck and the aftermath of being mistreated, Dr. Clavijo-Passik responded

2

affirmatively. Specifically, counsel asked, "So it contains an element of both?" to which Dr. Clavijo-Passik responded, "Yes." Counsel then asked, "The actual getting struck by the locomotive and the perceived mistreatment or mishandling of it by his supervisors?" Once again, Dr. Clavijo-Passik replied, "Yes."

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III.  DISCUSSION

Werline's claims are governed by the Federal Employers' Liability Act ("FELA").  In enacting FELA, Congress provided a federal tort remedy specifically tailored to railroad workers injured on the job and, in doing so, abolished the applicability of several common law tort defenses. *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 542-43 (1994).  In relevant part, FELA provides:

> Every common carrier by railroad while engaging in commerce between any of the several States…shall be liable in damage to any person suffering injury while he is employed by such carrier in such commerce,…resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier…

45 U.S.C. § 51.  Given its "humanitarian" purposes, courts have interpreted FELA's language liberally, making a plaintiff's burden lighter than what it would be in an ordinary negligence case. *Williams v. Nat'l Railroad Passenger Corp.*, 161 F.3d 1059, 1061 (7th Cir. 1998); *see also Gottshall*, 512 U.S. at 543 (proof needed to get FELA case to jury is merely whether "employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought.").  That said, FELA does not "render a railroad an insurer of its employees." *Holbrook v. Norfolk Southern Railway Co.*, 414 F.3d 739, 742 (7th Cir. 2005).

In *Gottshall*, the Supreme Court decided that claims for negligent infliction of emotional distress are cognizable under FELA, subject to the "zone of danger" test. *Gottshall*, 512 U.S. at 555-56.  Specifically, the zone of danger test "limits recovery for emotional distress to those plaintiffs who sustain a physical impact as a result of defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." *Id.* at 547-48.  In other words, "a worker within the zone of danger of physical impact will be able to recover for emotional injury

4

caused by fear of physical injury to himself, whereas a worker outside the zone will not." *Id*. at 556. Applying this test, courts have routinely barred FELA plaintiffs from seeking emotional injuries not brought about by physical impact or threat of impact.

CSX argues that Werline's claims of emotional distress premised on harassment or mistreatment must be barred, given that "such emotional distress was not produced by impact or threat of impact." CSX bolsters its argument with a number of FELA cases denying negligent infliction of emotional distress claims, none of which are directly on-point. *See, e.g., Crown v. Union Pacific Railroad Co.*, 162 F.3d 984 (8th Cir. 1998) (barring claim based on allegations that employer created a stressful and unsafe work environment; plaintiff conceded that he did not sustain a physical impact that induced his emotional distress); *Gallimore-Wright v. The Long Island Railroad Co.*, 354 F. Supp. 2d 478 (S.D.N.Y. 2005) (barring claim based on employer's alleged harassment through instituting disciplinary proceedings against plaintiff; "there is not even a suggestion that [the employer's negligent conduct] . . . resulted in a physical impact or any risk of physical harm."); *Higgins v. Metro-North Railroad Co.*, 143 F. Supp. 2d 353 (S.D.N.Y. 2001) (barring claim based on allegations of workplace sexual harassment; plaintiff testified "she was never in apprehension of any physical or sexual harm."). Based on these cases, CSX urges the Court to grant summary judgment on Werline's "stand alone" claims that are premised solely on his alleged mistreatment following the incident.

CSX's authority, while certainly well-taken, paints an incomplete picture. Courts have also permitted recovery for negligent infliction of emotional distress for plaintiffs who fear for their safety due to the negligence of the railroad, when such fear is accompanied by physical injury. In *Norfolk & Western Railway Co. v. Ayers*, 538 U.S. 135 (2003), the Supreme Court

5

noted, "Unlike stand-alone claims for negligently inflicted emotional distress, claims for pain and suffering associated with, or 'parasitic' on, a physical injury are traditionally compensable." *Id*. at 148. The Court then quoted the Restatement (Second) of Torts § 456 for the following proposition: "If the actor's negligent conduct has so caused *any* bodily harm to another as to make him liable for it, the actor is also subject to liability for . . . *emotional disturbance* resulting from the bodily harm." *Id*. at 148-49. Ultimately, the *Ayers* Court held a railroad worker who suffered from asbestosis, an actionable injury caused by work-related exposure to asbestos, could recover emotional distress damages stemming from his related fear of developing cancer. *Id*. at 157.

Prior to *Ayers*, district courts and circuit courts employed similar reasoning outside the ambit of fear of cancer. That is, where plaintiff suffers a physical injury, "[he] is entitled to receive compensation for all injuries – physical and emotional – proximately caused by the physical impact." *Marchia v. Long Island Railroad Co.*, 31 F.3d 1197, 1203 (2d Cir. 1994) (worker could recover for emotional distress relating to fear of contracting AIDS after sustaining a puncture wound from a discarded needle due to railroad's negligence); *see also Hall v. Norfolk Southern Railway Co.*, 829 F. Supp. 1571, 1576-77 (N.D. Ga. 1993) (plaintiff involved in train wreck could recover for emotional injuries (PTSD) stemming from being trapped in car and witnessing and experiencing horrific aftermath).

Having reviewed the parties' cited authority, the Court is convinced that the present factual circumstances are more similar to the *Ayers*, *Hall*, and *Marchia* line of cases, meaning all of Werline's emotional distress damages are compensable under FELA. Indeed, Werline's emotional distress was precipitated by and flowed from the physical injury. Given this

6

inextricable link, there is no recognizable clean cut that would allow the Court to partition off the injury from its aftermath.  After all, Dr. Clavijo-Passik testified that Werline's emotional distress stems from a blend of the trauma from being struck <u>and</u> the perceived mishandling of his treatment following the physical impact.  Trimming off the emotional distress attributable to only the alleged mistreatment would require the Court to engage in guesswork.  The Court simply cannot make this artificial distinction.

Finally, the Court's decision is reinforced by the fact that CSX's alleged mistreatment involved an admonition to forgo medical treatment.  By itself, this mistreatment presents its own physical risks, given the likelihood that refusing treatment will exacerbate an injury.  As Werline recognizes, "[I]t is predictable that an injured employee would experience fear and distress if instructed to deny proper medical treatment."  Therefore, even stripping CSX's behavior of context and viewing it in isolation does not alter the Court's conclusion.

Accordingly, Werline is permitted to proceed with his negligent infliction of emotional distress claim.  Given the Court's ruling, CSX's alleged mistreatment of Werline is neither irrelevant nor unduly prejudicial.

## IV. CONCLUSION

For the reasons set forth above,  the Court **DENIES** CSX's Motion for Partial Summary Judgment [Dkt. 31] and its related Motion *in Limine* [Dkt. 32].

SO ORDERED:   12/28/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Geoffrey L. Blazi**
STUART & BRANIGIN LLP
glb@stuartlaw.com,rdr@stuartlaw.com,bav@stuartlaw.com

**John C. Duffey**
STUART & BRANIGIN LLP
jcd@stuartlaw.com,msw@stuartlaw.com,sah@stuartlaw.com,sbn@stuartlaw.com,mar@stuartlaw.com,lkf@stuartlaw.com,alw@stuartlaw.com

**Richard Alvin Haydu**
HOEY & FARINA
rhaydu@hoeyfarina.com,lwood@hoeyfarina.com

**Sarah N. Snoeberger**
STUART & BRANIGIN LLP
sns@stuartlaw.com,rlm@stuartlaw.com,alw@stuartlaw.com